Arguments not to exceed 15 minutes per side. Mr. Allen for the appellant. Good morning. My name is Eric Allen. I represent the appellant. May it please the court. Opposing counsel. There are three  The first issue is the The first is the fact that there's a plea of guilty in this case. The second is that there's an appellate waiver in this case. And the third is I'm raising ineffective assistance of counsel on direct appeal. And with the court's permission, I'll take those in turn and try and explain as best I can. In terms of the plea of guilty, probably the better explanation the better way to proceed in this case would have been to attempt to withdraw the plea. In Judge Frost's courtroom he puts the defendant under oath and the Rule 11 colloquy and asks a number of questions. There was some concern as to what would be the repercussions if Ms. Kistner was to withdraw her plea. Whether or not the government would then attempt to charge her with perjury for saying those things under oath. In terms of whether or not that was a valid way for her to challenge her conviction and her sentence, we didn't believe it would be. However, we do understand at this point on direct appeal that creates a major obstacle to relief. The only thing you can challenge on appeal is the ineffective assistance of counsel or prosecutorial misconduct, right? That's correct. And that actually goes into the second major obstacle that we have, which is the appellate waiver. And it clearly states in the Rule 11 colloquy between the court and Ms. Kistner that the only thing that she can raise in this direct appeal is ineffective assistance of counsel. The third and probably biggest obstacle is the fact that this may be, and I'm not sure I'm ready to concede that point, but this may be something that's better raised in a 2255 motion to the court. I think in the three claims that we had raised that you can glean from the record enough to make a ruling on the merits. In terms of the first claim, the statute of limitations claim, which I will admit is a novel one in terms of conspiracy, but our argument if you looked at the indictment and if you look at the change of plea where they discuss when these things occur, you will see that it's past the five-year statute of limitations. It's a conspiracy charge, so don't you look at the date of the last overt act, and wasn't that within the five-year statute of limitations? I believe the last act was 2008. Our argument is that this is a stand-alone count, not part of the conspiracy, or if it was part of the conspiracy, it ended in 2006. That conspiracy ended in 2006? As it relates to that particular property, we would argue that it ended when the check from that sale was deposited into Mr. Kisner's account. Why wasn't the Tara Glenn property in 2008 a part of the conspiracy? Why wasn't it? That's got to be your argument, right? You're saying that it ended in 2006? Well, we're saying as it relates to that specific count, it would end in 2006. Doesn't the superseding indictment state that they lasted from April 2006 to April of 2008? It does. So why isn't it 2008, then, within the statute? Why doesn't that bring the whole thing within, because it was the last overt act? Well, in terms of furthering the conspiracy, there isn't anything that is indicated from the indictment that this specific act would further the conspiracy. That it would just end in 2006. Even though it was charged through 2008? Yes. In terms of the double jeopardy argument and the 2255 question, we again, you can look at the first indictment and it's the count 1 and count 16 of the second superseding indictment, and you'll see that they're the same. We believe that based on... I thought there was the Florida conspiracy and the Ohio conspiracy. Aren't they two separate conspiracies? You're saying it's double jeopardy? Yes. Why are they not two separate conspiracies? Because they're out of the same agreement. I mean, if we look at what the government is alleging, that there's one agreement pursuant to the Cento case, and that's what you have to look at. It lists some factors, lists those five factors, but if you look at the case carefully, they talk about the fact that what is the agreement to commit a crime? Doesn't it matter that different people are involved in the different conspiracies and that they have a different working mechanical nature to how the conspiracy works and that they're in different locations? Isn't that three of the five factors? Well, I think a majority of the same people are involved. It is true that they're... The Florida people are not distinct from the Ohio group? Well, there are some of the same individuals involved. This defendant? Yes. But aren't the players, so to speak, in the conspiracy themselves different individuals in Florida from those in Ohio? Yes. In terms of this selective prosecution argument, that may be something that would be better served in a 2255. Well, are you asking us not to resolve that now? Yes. That would seem to make more sense in terms of what is in the record, what we could get into the record pursuant to an application for habeas corpus under 2255. We do believe that the first two claims in our appeal can be resolved from the record that you have before you. Do you have an equal protection claim relative to a protective status? I think we do, but I don't think that we have... What that is? Can you tell me what that is? Well, I certainly think that... Not without developing the record more. I think, as I said, I think it's better... Based on what I have here from the record, I couldn't say that. I don't mean to avoid your question. I just think it's something that we... So you ask us not to take it up then. Thank you. And in terms of the merits of the first two claims, I think that if you look at the conspiracy... I'm sorry, not the conspiracy, but the statute of limitations issue, I would concede that it is a somewhat novel argument that this... We argue that the conspiracy ends when the check goes into the bank and is therefore separate from other counts in the indictment. How do you respond to the fact that she admitted both in the plea colloquy and its sentencing to the 2006-2008 conspiracy? Well, I think that again creates... I mean, I think if you look at the ineffective assistance argument, had the motion been filed and been found to be meritorious, then those counts would have been removed. And by pleading to it, she obviously... A plea is an admission of guilt and a waiver of all the arguments in defense of that. So I think we have to look at the Strickland analysis and whether or not it fell below that standard and whether or not she was prejudiced and whether or not she would have entered that plea should that motion have been meritorious. And I think that goes for both of the claims regarding the record, the double jeopardy claim and the statute of limitations claim. I was just looking at the district court docket sheet and I think you were listed as counsel in the district court. Were you counsel in the district court? I was counsel after sentencing. So you were... Were you retained or appointed? Retained. So you were retained after the sentencing? Yes, to handle the appeal. Okay. Thank you. And if you have no further questions, I'll reserve the rest of my time. Thank you. May it please the court, Alexis Zuhairi on behalf of the United States. Counsel notes several obstacles, but he fails to tell the court how appellant can overcome them. And this morning I'd first like to discuss whether Kistner's ineffective assistance claim is ripe for this court's consideration. And then I'll discuss a few remaining points related to the merits. The government recognizes that this court generally defers consideration of ineffective assistance claims until the post-conviction stage to allow for factual development. And here the record is not sufficiently developed such that Kistner can prevail under Strickland. The record lacks any evidence of counsel's decision-making process and any evidence of prejudice. And although it's impossible for Kistner to prevail under the current record, the court may find that the record is sufficiently developed to reject her claim. And there are several factors here that might counsel in favor of that approach. First, Kistner herself has submitted that the record is sufficiently developed, at least to address two of those claims. Second, Kistner's ineffective assistance arguments fail on their face. The motions she alleges counsel should have filed had no chance of success and no additional fact-finding will change that conclusion. And third, the district court already considered and rejected as meritless the same claims that Kistner raises here today. Judge Moore... The district court considered the statute of limitations issue? Yes, Judge Moore. You noted that counsel did file an appearance in the district court and the appellant actually filed a motion for appeal bond before Judge Frost and in that motion essentially argued or raised the same arguments that counsel raises before this court here today. And I do think that it's notable that the district court rejected as meritless all of those claims. Could you address the statute of... Your opponent's focusing us now on the statute of limitations and the double jeopardy claim. So on the statute of limitations he recognized that he had a novel argument that apparently the conspiracy ends when the check goes into the bank. Could you address that? Certainly. Your Honor, count two clearly charged a conspiracy. It cited 18 U.S.C. 1956 H. which is the conspiracy section for conspiracy to commit money laundering. And I'd also like to address the overt act argument. It is true that Kistner admitted both in her and at sentencing that she engaged in the Ohio kickback conspiracy through April 2008. Judge Stranch, you referenced the Tara Glenn transaction and that's true. But conspiracy to commit money laundering does not require proof of an overt act. And so in the indictment the government didn't need to allege an overt act and that's exactly why it referenced one example of conspiracy conduct but it did not endeavor to include an exhaustive list of So again, the June 20, 2012 indictment clearly fell within the five year statute of limitations for conspiracy claims. So do you, what happened in the five year period that you rely on? Any number of transactions which are included in the PSR and they're also referred to specifically at sentencing and at the change of plea hearing. The Tara Glenn transaction closed in April of 2008. Appellant Kistner deposited a $45,000 kickback check into her husband's account and the government believes that that is the last act in the Ohio kickback conspiracy. And in fact, Judge Frost, when he considered this claim below, albeit under a different standard of course, found that the evidence that he'd heard through four days of trial, in addition to throughout the course of the case, showed that the Ohio kickback conspiracy went through at least April 2008. I'll now address the double jeopardy claim. Kistner alleges that her counsel should have filed a motion based on double jeopardy. Specifically, she alleges that counts 1 and 16, both of which charged conspiracy to commit fraud, subjected her to multiple punishments for the same crime. As I think Judge Strange pointed out, the Ohio kickback conspiracy and the Florida kickback conspiracy were completely different. Different time frames, different players, different transactions, different locations, different schemes, and different overarching agreements. And again, Judge Frost agreed and he found that there was absolutely no basis for a double jeopardy argument. So it would be possible for somebody to have one conspiracy that operates in both Florida and Ohio, but your point is that this was not that type of a situation because of the other factors. So even if there's one agreement, but do you debate whether there was even only one agreement? That's correct, Your Honor. I think the government would submit that there were two completely separate criminal agreements here. Although the course of conduct may have been similar in some respects, the schemes did differ in so far as who was receiving the kickbacks. In Ohio, only the investors. In Florida, investors and Ms. Kisner's co-conspirators. As well as in the way that the kickbacks were concealed. And ultimately there were different individuals who were sort of heading up these respective conspiracies. And so we would maintain that the conspiracies were completely separate, both from the players and the schemes to the agreements themselves. If there are no further questions, the government respectfully requests that the Court affirm the judgment of the District Court. Thank you. In terms of answering your question again, Judge Moore, as you know, if I have to request an appellate bond, I have to do it there first. And I have to tell them what issues that I'm going to raise. That's what occurred there. I also asked this Court for an appellate bond as well. And we would just ask that in terms of the first two claims, that you find that the record is developed enough and that you can find a claim under Strickland. If there's no further questions, I'll be done. Thanks. Thanks very much. Thank you both for your argument. The case will be submitted with the clerk call of the remaining cases.